**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JAIME DANILO SANDOVAL JIMENEZ,**

      Petitioner,

v.                                   Civil Action No. **3:26CV420 (RCY)**

**NEY HIDALGO,** *et al.*,

      Respondents.

**MEMORANDUM OPINION**

Jaime Danilo Sandoval Jimenez ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act ("INA"). *See* ECF No. 1, at 6–7.[1] For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

**I. BACKGROUND**

"Petitioner is a native and citizen of El Salvador." ECF No. 3, at 4. Petitioner indicates that he entered and has been living in the United States since November 1998. *Id.* "Petitioner was detained by ICE on March 4, 2025." *Id.* Petitioner states that he submitted a Form I-589 application for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. *Id.* On September 18, 2025, the Immigration Judge denied all requests for relief. *Id.* Petitioner appealed. *Id.*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Petitioner has two children who depend on him financially and emotionally. *Id.* at 5. Petitioner asserts that his prolonged absence is harming his children's academic, psychological, and moral development and causing them financial hardship. *Id.* Petitioner indicates that he has held stable employment as a McDonald's manager for twelve years and in home construction for thirteen years. *Id.*

On May 13, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. The Court issued a Memorandum Order directing Respondents to file a responsive pleading within sixty (60) days. ECF No. 5. On July 20, 2026, Respondents filed a Notice in response to the Court's Memorandum Order. ECF No. 7. Respondents acknowledged that:

> [T]he factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in [*Ortega Miranda v. Bondi*, No. 3:25CV769, 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026)]; namely, both the instant petition and *Ortega Miranda* concern whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b).

*Id.* at 1. "[C]onsistent with its recent practice," Respondents recommend that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* With Respondents' confirmation that there are no material differences between this petition and *Ortega Miranda*, the prior filings from that case will be adopted in the present case for efficiency, and the Court will rule without additional submissions.[2]

---

[2] Petitioner also filed a Memorandum of Law in Support of Petition for Writ of Habeas Corpus. ECF No. 3. Petitioner argues for immediate release. *Id.* at 9–10. Although Petitioner first asks for his release from custody, that is not the appropriate remedy here. In their response as incorporated from the briefing in *Ortega Miranda*, Respondents assert that a bond hearing is the only appropriate remedy. *Ortega Miranda*, ECF No. 14, at 29 n.8. For three reasons, the Court will order Respondents to provide Petitioner with a bond hearing rather than immediate release.

First, ordering a bond hearing allows the Court to tailor its remedy to the specific injury alleged by Petitioner: deprivation of his access to a bond hearing. *Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026). Second, providing Petitioner with a bond hearing aligns with the INA's statutory scheme, through which Congress and Department of Homeland Security, in enacting § 1226 and promulgating its implementing regulations, "have determined that an Immigration Judge is best situated to make a determination about

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. ECF No. 3, at 9. Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega-Miranda*, ECF No. 19. ECF No. 5. Here, as in *Ortega-Miranda*, Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Ortega-Miranda*, ECF No. 14, at 5–22.

---

whether an alien is a potential danger to the community or is a flight risk." *Id.* at *6. And third, the circumstances in which district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have ordered immediate release instead of a bond hearing are not present here. *Id.* For example, this Court has neither been "confronted with petitioners who have been detained, released, and re-detained by immigration officials," nor with evidence of Respondents' failure to comply with this Court's orders. *See id.* The Court will therefore order Respondents to provide Petitioner with a bond hearing rather than order his release from custody.

3

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), into this Memorandum Order. That same reasoning has been applied in several cases before courts in this district.[3]

Petitioner has been present in the United States for many years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). However, a Second Circuit panel has recently concluded, in line with this Court's reasoning, that § 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry. *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). From among these decisions, the Court finds the Second Circuit analysis and the dissents from the Fifth and Eighth Circuits to be the more persuasive of the set. Regardless, none of this precedent is binding on this Court, and so, in the absence of guidance from the Supreme Court or the Fourth Circuit Court of Appeals, the Court

---

[3] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

comfortably adopts and applies its analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

### IV.  CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition (ECF No. 1) will be GRANTED and the Motion to Shorten Time (ECF No. 6) will be DENIED AS MOOT.  An appropriate Order will issue.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:   July 29, 2026
Richmond, Virginia

5